UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:18-cv-00022-AC |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1] Plaintiff is proceeding pro se and in forma pauperis. ECF No. 3.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

For the reasons that follow, the court will deny plaintiff's motion for summary judgment, and grant the Commissioner's cross-motion for summary judgment.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on August 29, 2014. Administrative Record ("AR") 170-82.[2] The disability onset date for both applications was alleged to May 3, 2013. Id. The applications were disapproved initially and on reconsideration. AR 114-18, 120-35. On July 20, 2016, ALJ Sara A. Gillis presided over the video hearing on plaintiff's challenge to the disapprovals. AR 33-65 (transcript). Plaintiff was present and testified at the hearing. AR 39. Plaintiff appeared pro se, having waived his right to a representative. AR 34, 31. Vocational Expert ("VE") Mr. Leith was also present and testified. AR 34.

On October 7, 2016, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). 12 20-24 (decision), 25-30 (exhibit list). On November 3, 2017, after receiving plaintiff's request for review and claimant's correspondence as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision).

Plaintiff filed this action on January 5, 2018. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 24. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion labeled "request for remand"), 20 (Commissioner's summary judgment motion), 21 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1985, and accordingly was 28 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 22; see 20 C.F.R

---

[2] The AR is electronically filed at ECF Nos. 10-3 to 10-15 (AR 1 to AR 611).

2

§§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate in English. AR 22.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

4

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since May 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: left subacromial bursitis and biceps tendonitis status post shoulder surgery times two; cervical compression fracture; and reactive arthritis (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: the claimant can lift and/or carry 50 pounds and occasionally 25 pounds frequently with the dominant right upper extremity; he can lift and/or carry 10 pounds occasionally and frequently with the non-dominant left upper extremity; he can stand and/or walk for 6 hours out of an 8-hour workday; he can sit for 6 hours out of an 8-hour workday; he cannot climb ladders, ropes, or scaffolds; he cannot reach overhead with the non-dominant left upper extremity; he can occasionally crawl and he can handle occasionally with the non-dominant left upper extremity.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in 1985] and was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 14-24.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 24.

## VI. ANALYSIS

Plaintiff's motion for remand does not allege that the ALJ committed any particular error. Instead, plaintiff states simply that he is "requesting remand in this court" after social security denied his request. ECF No. 17 at 1. Plaintiff did submit a reply brief which contains one specific allegation of error: that the ALJ failed to take into consideration vocational expert testimony that the light work jobs available to plaintiff would not be available if he was absent just once per week. ECF No. 21 at 7-8. Plaintiff argues that the medical records demonstrate he has "flare ups of swelling and severe pain with more frequency than once a week," and therefore he could not keep the jobs the VE identified. Id.

////

Plaintiff's motion to remand must be denied.  First, Plaintiff has not presented even the barest argument or explanation of a legal basis for remand.  ECF No. 17.  The court cannot rule in favor of plaintiff when no legal argument has been presented.  Hibbs v. Department of Human Resources, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding argument too undeveloped to be capable of assessment); Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (finding that party had forfeited issue on appeal because it failed to provide an analysis of the issue: "Beyond its bold assertion, [plaintiff] provides little if any analysis to assist the court in evaluating its legal challenge").  Here, plaintiff has provided literally no argument in support of his challenge to the ALJ's decision, and neither the court nor the Commissioner can infer his basis for disagreement with the ALJ's decision.  ECF No. 17.

Second, though plaintiff's reply contains briefing, it raises only one legal argument: that the ALJ did not properly consider VE testimony regarding weekly work absences.  ECF No. 21 at 7-8.  As a preliminary matter, this argument is not properly presented in reply.  Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion."  Burnham v. City of Rohnert Park, 1992 WL 672965, at *1 n. 2 (N.D. Cal. May 18, 1992) (citing Lujan v. National Wildlife Federation, 497 U.S. 871 (1990)).  It is improper to present new information in a reply brief, because the opposing party is deprived of the opportunity to respond.  Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) (striking parts of reply brief presenting new information).

Even if the court were to consider the issue raise in plaintiff's reply, plaintiff could not prevail.  Plaintiff is correct that the ALJ asked the VE whether there would be jobs available in the economy if an individual with plaintiff's limitations were absent once a week, and the VE answered in the negative.  AR 63.  The record reveals that the ALJ followed up on the absences limitation at the hearing by stating "I kind of just added those absences and inferred those bad days you were telling me about."  Id.  The ALJ did not assess once per week absences in plaintiff's residual functional capacity.  AR 15.  Plaintiff argues he has "flare ups of swelling and severe pain" more than once per week, but does not point to any medical record supporting this contention, or any medical opinion assessing a likelihood of weekly absences.  ECF No. 21 at 7-

8. The court finds nothing in the record that indicates the ALJ improperly excluded weekly absences from the residual functional capacity finding. Because plaintiff has presented no evidence warranting remand, his motion must be DENIED.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: February 11, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE